IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | * |
| | * |
| | *   **Criminal No. 25-cr-328-TJK** |
| v. | * |
| | * |
| MIKEL REEVES | * |
| | * |

## DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING

Defendant Mikel Reeves, by and through his attorneys, Nicholas G. Madiou, and Brennan, McKenna & Lawlor, Chtd., respectfully submits this supplemental memorandum in support of the arguments to be presented at the time of sentencing – namely, Mr. Reeves' request to have the Court sentence him on Count Two under the D.C. Code § 24-903, *et seq.*, the Youth Rehabilitation Act ("YRA"). In support of this supplemental filing, undersigned counsel respectfully states the following:

1.  On February 6, 2026, the parties appeared before the Court for sentencing in this matter. At that hearing the Court expressed uncertainty about its authority to impose a sentence on Count Two under the YRA. At the undersigned's request, the sentencing hearing was continued to February 27, 2026, and a briefing schedule was established for the parties to address whether this Court has the authority to impose such a sentence on Count Two. Undersigned counsel respectfully submits that this Court has the authority to impose a YRA sentence on Count Two.

1

2. Congress has authorized the United States District Court for the District of Columbia to exercise jurisdiction over "[a]ny offense under any law applicable exclusively to the District of Columbia ... [that] is joined in the same information or indictment with any Federal offense." D.C. Code § 11-502(3).

3. The Court has exercised its concurrent jurisdiction in this case, accepting Mr. Reeves' guilty plea to Count One, unlawful possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D), and Count Two, carrying a pistol without a license in violation of 22 D.C. Code § 4504.

4. At sentencing, as to Count Two, the Court is bound to properly calculate and consider the applicable guidelines range under the D.C. Voluntary Sentencing Guidelines Manual. It follows that this Court has the authority to impose a sentence on Count Two pursuant to D.C. Code § 24-903.

5. Members of this Court have previously recognized this authority and have imposed sentences under the YRA. *See e.g. United States v. Tiera Hight,* case number 18-cr-98-2(PLF) (Memorandum Opinion and Order, ECF No. 84) (noting that "the Court has discretion to sentence [the defendant] for the District of Columbia Code offense under the District of Columbia's Youth Rehabilitation Act, D.C. Code § 24-901 et seq."); *United States v. Rasheem Marshall,* case number 12-cr-145 (RJL) (June 4, 2013 Minute Entry imposing sentence pursuant to DC Youth Rehabilitation Act).

6. Even in previous cases in which the United States has opposed imposition of sentence under the YRA, the Government has not doubted the Court's authority to impose such a sentence. *See Hight,* case number 18-cr-98-2(PLF), ECF Dkt. No. 83.

7. For these reasons, undersigned counsel respectfully submits that this Court has the authority to impose sentence on Count Two under the YRA. For the reasons stated in Mr. Reeves' original sentencing memorandum, and those arguments presented at the sentencing hearing on February 6, 2026, the Court should exercise its authority and discretion in favor of imposing such a sentence.

8. To be clear, the YRA only applies to the conviction sustained under Count Two. Additionally, Mr. Reeves will only seek post-conviction relief under the YRA by asking the Court to set aside his conviction on Count Two once he has successfully completed the Court's conditions of supervised release, which must include a condition of at least 90 hours of community service. *See* DC Code § 24-903 (a)(2).

9. WHEREFORE, for the reasons stated here, this Honorable Court has the authority to impose sentence on Count Two under the YRA. The Court should exercise its discretion and impose such a sentence in this case.

Respectfully submitted,

s/_____
Nicholas G. Madiou
Brennan McKenna & Lawlor, Chtd.
6305 Ivy Lane
Suite 700
Greenbelt, Maryland  20770
301.474.0044

## CERTIFICATES OF SERVICE

I HEREBY CERTIFY that on this 13th day of February, 2026, a copy of the foregoing was delivered via ECF to the Office of the United States Attorney for this District of Columbia.

s/_____
Nicholas G. Madiou